S. B. Strong, J.
The defendant in this action has moved to dismiss the plaintiff’s appeal, on the ground that it is not from an actual determination of the court below. The action was instituted in the Supreme Court to recover possession of a saw-mill and the lot on which it stands, situate on the north side of the Cattaraugus creek in (what is claimed to be) the Indian Reservation in the county of Erie. The plaintiffs claim to the centre of the creek, under a conveyance from the Holland Land Company dated in the year 1802. The cause was first tried in 1851, when the judge decided that the plaintiffs’ title extended to the north bank, and not to the centre of the creek, and the jury rendered a verdict accordingly. The plaintiffs took exceptions on which they moved, at a general term, for a new trial. The motion was granted by default, the defendant not appearing to oppose it. The action was again tried in 1854 when the judge again decided that the call in the conveyance to the plaintiff was the north bank, and not the center of the creek, and the plaintiff’s recovery was limited accordingly.- The plaintiff again took exceptions, and made a case upon which it gave notice of a motion to be made, at a general term, for a new trial. The defendant did not appear to oppose the motion. The plaintiff’s counsel, *588 wishing to take the case to this court, requested the judges of the Supreme Court to take the papers in the case and to deny his motion for a new trial, if they should think it proper to do so. The judges accordingly received the papers, and subsequently entered an order reciting that the counsel for the respective parties having been heard and due deliberation had, the motion for a new trial was denied. From the decision of the Supreme Court denying such motion, the plaintiffs have appealed to this court.
It would seem from the recital in the order that the decision in the court below was made upon mature deliberation. It was, therefore, an actual and not a mere formal determination. It was for that tribunal to adopt such course as it might deem proper as to the manner in which the case should be submitted for its consideration. An argument by both parties is not absolutely necessary. The court may, if it- should think proper,' consider any question involved upon a submission of the papers by one party only, when the other party fails to appear. The 25th rule of the Supreme Court entitles the moving party, on the default of the other, to the rule or judgment for which he applies, unless the court should otherwise direct. He may waive his right if he should think it proper to do so, and the court may, at his request, examine and actually decide the questions involved. 'This case seems to have been a proper one for the adoption of that course. The defendant is in possession of the property in question, and may continue to occupy it so long as the plaintiffs shall be delayed by a succession of new trials with probably the same result. The court below having, as appears by the record, actually determined the controverted question between the parties, the appeal was properly brought and the motion to dismiss it must be denied, with ten dollars costs.
All the judges concurring,
Ordered accordingly.